[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11522
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00505-SCB-EAJ-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

HAROLD R. NORTON,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(January 31, 2013)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

On December 28, 2012, Harold Norton pled guilty to both counts of an

indictment: Count One, distribution of marijuana, in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(D); Count Two, possession of an unregistered destructive

device, in violation of 26 U.S.C. §§ 5861(d) and 5871.  On March 13, 2012, the District Court sentenced Norton to concurrent prison terms of 33 months, at the low end of the applicable Guidelines sentence range.  Norton now appeals his sentences, arguing that they are substantively unreasonable in that the court failed to give appropriate consideration to, among other things, (1) his difficult childhood (he was in foster care and abused); (2) his good employment history (his former employers are willing to rehire him); (3) his financial support of his two young sons; (3) his anticipated living conditions in Canby, Oregon, with his girlfriend and her family, which will facilitate his supervision and enable him to support his family; (4) the fact that the destructive devices he possessed contained only flash powder and were not as dangerous as they could have been; and (5) his need for correctional treatment in the most effective manner.

We review the reasonableness of a sentence for abuse of discretion, taking into account the totality of the circumstances of the case.  *Gall v. United States*, 552 U.S. 38, 41, 51, 128 S.Ct. 586, 591, 597, 169 L.Ed.2d 445 (2007).  To demonstrate an abuse of discretion, Norton must show that his sentences are unreasonable in light of the sentencing factors, i.e., the purposes of sentencing, set out in 18 U.S.C. § 3553(a).  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A sentence must be "sufficient, but not greater than necessary to comply with th[ose] purposes"; that is, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution for victims. *Id*. § 3553(a)(1), (3)-(7).

A district court abuses its discretion when it balances the § 3553(a) factors unreasonably or places unreasonable weight on any of the § 3553(a) factors. *United States v. Irey*, 612 F.3d 1160, 1223 n.44 (11th Cir. 2010); *see also United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) ("[A] district court's unjustified reliance upon any one § 3553(a) factor is a symptom of an unreasonable sentence.") (quotations and brackets omitted). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*,

612 F.3d at 1190 (citation omitted).  In the process, we ordinarily expect a sentence within the applicable guideline range to be reasonable.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  That a sentence falls well below the statutory maximum penalty may also indicate its reasonableness.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We find no abuse of discretion here.  The court adequately considered the § 3553(a) factors, including Norton's difficult life history, the relative seriousness of his criminal history, the circumstances of the offense, and his substance-abuse problems.  The judgment of the District Court is, accordingly,

AFFIRMED.